NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUTOMOTIVE INDUSTRIES PENSION
TRUST FUND; et al.,

        Plaintiffs-Appellees,

  v.

SOUTH CITY MOTORS, INC., a Delaware
corporation; et al.,

        Defendants-Appellants.

No.   18-16170

D.C. No. 4:17-cv-04491-JST

MEMORANDUM*

SOUTH CITY MOTORS, INC.; et al.,

        Plaintiffs-Appellants,

  v.

AUTOMOTIVE INDUSTRIES PENSION
TRUST FUND; et al.,

        Defendants-Appellees.

No.   18-16173

D.C. No. 4:17-cv-04475-JST

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted December 3, 2019
San Francisco, California

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SILER,[**] CLIFTON, and BYBEE, Circuit Judges.

Appellants, a controlled group of seven Ford dealerships and the Ford Motor Company (the "Dealerships"), appeal the district court's denial of their motion for summary judgment and granting of Automotive Industries Pension Trust Fund's (the "Trust") cross-motion for summary judgment. This dispute arose after two of the appellant dealerships—South City Motors and Capitol Expressway Ford—withdrew from the Trust's multiemployer pension plan and were assessed withdrawal liability under ERISA.[1] The Dealerships sought arbitration, arguing that they did not owe withdrawal liability because they met the requirements for the "free look" exemption. *See* 29 U.S.C. § 1390. The arbitrator granted summary judgment in favor of the Trust and awarded attorney's fees. Both parties then filed suit in federal district court—one to challenge and the other to enforce the arbitrator's award.

The Dealerships raised four issues in the district court, and raise the same issues here: (1) whether the arbitrator erred by determining that he had the authority to grant summary judgment and to do so without holding an evidentiary

---

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

hearing; (2) whether the arbitrator erred by concluding that the Dealerships did not qualify for the free look withdrawal liability exemption; (3) whether the arbitrator erred by concluding that a prior settlement agreement with Antioch Ford—one of the other appellant Dealerships—was inapplicable to this withdrawal liability dispute; and (4) whether the arbitrator erred in awarding attorney's fees to the Trust. The district court concluded that the arbitrator did not err. We agree and affirm.

We have jurisdiction pursuant to 29 U.S.C. § § 1401(b)(2), 1451(c). A district court's grant of summary judgment is reviewed de novo. *Penn Cent. Corp. v. W. Conference of Teamsters Pension Tr. Fund*, 75 F.3d 529, 533 (9th Cir. 1996). Likewise, the arbitrator's conclusions of law are reviewed de novo. *Id.* (citation omitted). The arbitrator's findings of fact are presumed correct, but the presumption is rebuttable by a clear preponderance of the evidence. 29 U.S.C. § 1401(c).

The Dealerships first challenge the authority of the arbitrator to resolve the arbitration on a motion for summary judgment, as well as any authority to do so without first holding an evidentiary hearing. The arbitration was governed by the American Arbitration Association's ("AAA") Multiemployer Pension Plan Arbitration Rules for Withdrawal Liability Disputes ("MEPPA"). Nothing in MEPPA explicitly authorizes or forbids summary judgment. But the rules give the

arbitrator the authority to "interpret and apply [them] insofar as they relate to the Arbitrator's powers and duties" as well as give him the discretion to vary the procedures provided that he affords the parties "a full and equal opportunity" to present their evidence and arguments. MEPPA § § 24, 45. Given the discretion granted to the arbitrator, he did not abuse it by resolving the arbitration on summary judgment. The arbitrator allowed the Dealerships to submit evidence and written briefs in opposition to summary judgment, and held oral argument on the motion. This suffices as a "full and equal opportunity" for the Dealerships to present their evidence and arguments. MEPPA § 24.

The Dealerships next contend that the arbitrator erroneously concluded that the free look exemption did not apply. The free look exemption provides that "[a]n employer who withdraws from a plan in complete or partial withdrawal is not liable to the plan" if the employer meets certain conditions. 29 U.S.C. § 1390. Under ERISA, all businesses that are under common control are treated as a single employer. *See* 29 U.S.C. § 1301(b)(1). The Dealerships argue that, although they are under common control, each individual contributing employer within a controlled group should be able to take advantage of the free look exemption even if the controlled group of which they are part could not. But Congress enacted section 1301(b)(1) "to prevent businesses from shirking their ERISA obligations by fractionalizing operations into many separate entities." *Teamsters Pension Tr.*

*Fund-Bd. of Trs. of W. Conference v. Allyn Transp. Co.*, 832 F.2d 502, 507 (9th Cir. 1987) (citation omitted). So, for purposes of the free look exemption, the word employer refers to the Dealerships as a controlled group—not the individual dealerships—and because the controlled group does not meet all of the requirements to be eligible for the free look exemption, neither do the individual dealerships.

The Dealerships next contend that the arbitrator erred by concluding that it was unambiguous that the 2007 settlement agreement regarding the Dealerships' withdrawal liability based on Antioch Ford's 2005 withdrawal from the Trust was not applicable to this dispute. The interpretation of the settlement agreement is governed by state law. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Under California law, the "mutual intention of the parties at the time the contract is formed governs interpretation" and the parties' intent is determined "solely from the written provisions of the contract." *ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1212 (9th Cir. 2015) (quoting *AIU Ins. Co. v. Super. Ct.*, 799 P.2d 1253, 1264 (Cal. 1990)). No matter how broad the terms of a contract may appear, "it extends only to those things concerning which it appears that the parties intended to contract." Cal. Civ. Code § 1648.

Here, the settlement agreement is unambiguous. It releases the Dealerships from all claims "arising out of the Dispute" where the "Dispute" is "[the Trust] has

made claims and demands against Antioch Ford and others, for 'withdrawal liability.'" The language of the settlement agreement released only then-existing claims for withdrawal liability that had already been assessed against the Dealerships based on Antioch's withdrawal, not theoretical future withdrawal liability that might arise from other members of the controlled group withdrawing from the Trust. Thus, it is unambiguous that the settlement agreement does not apply to the withdrawals at issue here.[2]

Finally, the Dealerships contend that the arbitrator abused his discretion in awarding attorney's fees. An arbitrator's award of attorney's fees is reviewed for an abuse of discretion. *Penn Cent. Corp.*, 75 F.3d at 535. There is an abuse of discretion if the decision is "based on an erroneous conclusion of law or if the record contains no evidence on which [the arbitrator] rationally could have based [his] decision." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 270 (9th Cir. 1989). Because there is some evidence "on which [the arbitrator] rationally could have based [his] decision," the arbitrator did not abuse his discretion. *Id.*

AFFIRMED.

---

[2] At oral argument, counsel for the Dealerships raised the issue that the arbitrator erred in calculating the withdrawal liability the Dealerships owe by double-counting the withdrawal liability paid by the Dealerships from Antioch Ford's 2005 withdrawal from the Trust. But they did not raise this argument in their brief, so it is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).